IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00737-PAB-KMT

JANE DOES 1-51,

    Plaintiffs,

v.

UNITED STATES OLYMPIC COMMITTEE, et al.,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on Plaintiffs' Motion to Restrict and Proceed Anonymously [Docket No. 2] and the parties' Stipulation and Notice of Order Entered by the United States Bankruptcy Court of the Southern District of Indiana [Docket No. 13].

**I. MOTION TO PROCEED ANONYMOUSLY**

Plaintiffs bring numerous claims against defendants related to their alleged roles in failing to prevent the sexual abuse of plaintiffs by Lawrence Nassar, a doctor employed by USA Gymnastics. *See generally* Docket No. 1.

Plaintiffs seek to proceed in this lawsuit under the pseudonym "Jane Doe," followed by a unique number. Some of the plaintiffs are minors; their designated representatives seek to proceed as either "John Doe" or "Mary Doe," depending on the representative's gender. Plaintiffs argue that the litigation will "compel them to disclose information of the utmost intimacy," specifically, the details of the sexual abuses suffered by plaintiffs. Docket No. 3 at 3. Plaintiffs claim that the fact that most of the

sexual abuse occurred while plaintiffs were minors weighs in favor of pseudonymity. *Id*. Plaintiffs further indicate that there would be no prejudice to defendants as defendants will be made aware of plaintiffs' identities in a confidential manner. *Id*. at 3-4. Plaintiffs represent that defendants have not responded to plaintiffs' conferral request. Docket No. 2 at 2, ¶ 1. Although defendants' counsel has not entered an appearance, counsel has signed the stipulated order staying this case. *See* Docket No. 13. The Court, therefore, infers that defendants take no position on this motion.

The Supreme Court has acknowledged a common law right of the public to access judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a plaintiff should be permitted to proceed under a pseudonym. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Because the general rule is that lawsuits are to be public, a plaintiff will be allowed to proceed pseudonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Id.* at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Courts to have considered the issue in the Tenth Circuit have allowed plaintiffs alleging that they were sexually abused as minors to proceed under pseudonyms. *See S.S. as Next Friend of L.S. v. Napolitano*, 2019 WL 316747, at *3 (D. Kan. Jan. 24, 2019) (allowing plaintiff to proceed under pseudonym and noting that "[t]he sexual assault of a minor involves matters of a highly sensitive and personal nature"); *M.T. v. Olathe Pub. Schs. USD 233*, 2018 WL 806210 (D. Kan. Feb. 9, 2018) (allowing plaintiffs alleging sexual assault of a minor child to proceed under pseudonyms); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (allowing plaintiff alleging sexual harassment as a minor to proceed under pseudonym). The Court agrees with these courts that sexual abuse suffered by a minor is a matter of a "highly sensitive and personal nature." *See M.M.*, 139 F.3d at 803.

Consistent with the above-cited authorities, the fact that no party has opposed plaintiffs' request, and the lack of any evidence that plaintiffs' identities have been made public in connection with the subject matter of this lawsuit, the Court will allow plaintiffs to proceed pseudonymously at this juncture.

## II. ADMINISTRATIVE CLOSURE

The parties have provided the Court with notice that the United States Bankruptcy Court for the Southern District of Indiana has stayed this action. *See* Docket No. 13; *see also* Docket No. 14 (order entered in *In re USA Gymnastics*, No. 18-09108-RLM-11 (Bankr. S.D. Ind. Apr. 22, 2019)). Having reviewed the matter and being fully advised in the premises, the Court finds that this case should be administratively closed subject to reopening for good cause shown pursuant to D.C.COLO.LCivR 41.2. Therefore, it is

3

**ORDERED** that Plaintiffs' Motion to Restrict and Proceed Anonymously [Docket No. 2] is **GRANTED**. It is further

**ORDERED** that this case is administratively closed pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. It is further

**ORDERED** that if no party files a stipulation to dismiss the case or a motion to reopen the case on or before November 1, 2019, this case will be dismissed with prejudice without further notice to the parties and without further action by the Court. It is further

**ORDERED** that, within seven days of either party filing a motion to reopen the case, plaintiffs shall file with the Court a copy of the complaint containing the legal names of each plaintiff, which shall be maintained at Level 2 Restriction pursuant to D.C.COLO.LCivR. 7.2.

DATED July 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge